UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SKETCHWORKS INDUSTRIAL STRENGTH
COMEDY, INC.,
      Plaintiff,

 -v-                 No. 19-CV-7470-LTS-DCF

JAMES H. JACOBS, et al.,

      Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

    Sketchworks Industrial Strength Comedy, Inc. ("Plaintiff" or "Sketchworks"), brings this action against James H. Jacobs and Vanguard National Trust Company, N.A. ("Defendants"), seeking a declaratory judgment, pursuant to 28 U.S.C. section 2201, that its theater production, titled <u>Vape</u>, constitutes fair use under the Copyright Act, 17 U.S.C. section 107. (Docket Entry no. 1.) Plaintiff alleges that <u>Vape</u> is a parody of the famous musical <u>Grease</u> and seeks a judicial determination that <u>Vape</u> does not infringe on Defendants' copyright interest in <u>Grease</u> or any derivatives thereof. (Docket Entry no. 13.) Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and specifically, for lack of a concrete case or controversy. The Court has jurisdiction of this case pursuant to 28 U.S.C. section 1331.

    The Court has considered carefully the parties' submissions and arguments and, for the following reasons, denies Defendants' motion to dismiss the complaint for lack of subject matter jurisdiction.

BACKGROUND

The following recitation of facts is drawn from the Amended Complaint[1] (Docket Entry no. 13, ("AC")), the factual contents of which are taken as true for the purposes of this decision, as well as from the submissions of the parties as they relate to the issue of subject matter jurisdiction.[2]

Plaintiff operates a sketch comedy company incorporated in Georgia, and owns a copyright in Vape, an alleged parody of the musical play Grease, of which Defendants James H. Jacobs and Warren Casey are co-authors.[3]  Vape was performed in Atlanta, Georgia in 2018, and was scheduled to be performed at the Improv Asylum NYC Theatre on August 8-10, 2019.  (AC, at ¶¶ 56-57.)  On July 29, 2019, Lori Thimsen ("Thimsen"), Director of Licensing Compliance for Rogers & Hammerstein Holdings LLC d/b/a Concord Theatricals ("Concord"), licensing agent of Defendants, sent a cease and desist letter to Plaintiff.  (Id. at ¶ 58; Taft Decl., Exh. A.)  The letter claimed that Vape infringed on Defendants' copyright in Grease and demanded that Plaintiff "immediately cease and desist from the advertising, promotion, and presentation of any performances of Grease . . . [and stated that] failure to do so will expose Sketchworks . . . to action for willful copyright and trademark infringement."  (Taft Decl., Exh. A.)  Defendants allege that this letter was sent without the authority of Ronald Taft, the long-time licensing

---

[1]   The Complaint was amended by Plaintiffs as of right on September 3, 2019.  (Docket Entry no. 13.)
[2]   The filings that the Court has considered and relied upon in determining whether there is subject matter jurisdiction are: the Declaration of Ronald S. Taft (Docket Entry no. 24-1, ("Taft Decl.")), the Declaration of Jordan Greenberger (Docket Entry no. 29, ("Greenberger Decl.")), the Declaration of Brian M. Troxell, (Docket Entry no. 30, ("Troxell Decl.")), and the Transcript of Proceedings re: initial pretrial conference (Docket Entry no. 42, ("IPTC Transcript")).
[3]   As listed in the Amended Complaint, Defendants are James H. Jacobs (trustee of James H. Jacobs Trust) and Vanguard National Trust Company (trustee under the will of Warren Casey).  (Docket Entry no. 13, at ¶¶ 3, 4, 5.)

attorney for Defendants.  (Taft Decl., at ¶¶ 4-8.)  On July 31, 2019, Plaintiff responded to the letter and stated that Vape is fair use.  (AC, at ¶ 59.)  Nevertheless, on Aug. 2, 2019, Improv Asylum NYC cancelled the scheduled performances of Vape.  (Id. at ¶ 60.)  In an Aug. 5, 2019, email to Plaintiff, Taft rejected the position that Vape is fair use, described Vape as "blatant infringements of my client's trademark and copyrights," but offered to "reconsider" if Plaintiff answered his questions and briefed him on how fair use applied.  (See AC, at ¶¶ 61, 62.)

On Aug. 9, 2019, Plaintiff filed the above-captioned action against Defendants, without responding to Taft's Aug. 5, 2019, email.  (See Taft Decl., at ¶ 17; AC.)  After the complaint was filed in this matter and at Taft's insistence, on August 12, 2019, Concord unconditionally withdrew the cease and desist letter and notified Plaintiff of the withdrawal.  (Taft Decl., at ¶ 21; id., Exh. G.)  After Defendants filed the instant motion, Plaintiff asked Defendants whether they would provide a covenant not to sue and a release; none was ever provided.  (See Greenberger Decl., at ¶¶ 11, 32; id., Exh. 2.)  Plaintiff alleges that, while no additional performances of Vape are scheduled, they "desire[] to perform and otherwise exploit Vape in the future, including in Manhattan" and had "refrained from producing or otherwise exploiting the work because of the copyright infringement claims the Defendants have made." (AC, at ¶ 64; Troxell Decl., at ¶ 9.)

After Defendants filed the instant motion, both parties appeared in front of Magistrate Judge Freeman on February 21, 2020, for an initial pre-trial conference, the transcript of which was accepted as a supplemental filing by the Court on March 11, 2020.  (IPTC Tr.; Docket Entry no. 44.)  During this pre-trial conference, in response to questioning by the Court, the attorney for Defendants stated that "if the case is not dismissed . . . we'll assert counterclaims and defend vigorously," and stated that Defendants were "uncertain" whether, if the case was

dismissed on the present motion, Defendants would bring a claim for copyright infringement. (IPTC Tr., at 6:10-12.)

Plaintiff seeks a declaratory judgment that Vape is fair use and does not infringe on Defendants' copyright interest in Grease, so that it may perform and otherwise exploit Vape. (AC, at ¶ 64.)  Defendants move to dismiss the Amended Complaint, arguing that the case is moot and the Court lacks subject matter jurisdiction because Plaintiff has no standing and no live case or controversy remains after Concord withdrew the cease and desist letter.[4]  In their memorandum of law, Defendants request, in the alternative, that the Court dismiss the Complaint pursuant to its discretion under the Declaratory Judgment Act.  (Docket Entry no. 24, Exh. 3.)

## DISCUSSION

An action must be dismissed for lack of subject matter jurisdiction where the Court lacks the statutory or constitutional power to adjudicate the case.  Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction has the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.  Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167,

---

[4] The Defendant argues standing as a separate issue, however, the issue of standing is here closely intertwined with the question of whether the withdrawal of the cease and desist letter ended any live case or controversy.  Here, the Court finds that Plaintiff does have standing as Plaintiff sought to mount a production of Vape and suffered an injury in fact (cancellation of scheduled shows at Improve Asylum NYC Theater) due to the cease and desist letter, which was concrete and actual, and fairly traceable to the challenged action of Defendants.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180-81 (2000).  Accordingly, the principal question now before the Court is whether the withdrawal of the cease and desist letter eliminated Plaintiff's justiciable personal interest in determination of the status of Vape and mooted any case or controversy regarding that status.  See, e.g., Friends of the Earth, Inc., 528 U.S. at 189-90 (defining mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness)").

170 (2d Cir. 2008).  In deciding a Rule 12(b)(1) motion, "the court must take all facts alleged in the complaint as true," Natural Resources Defense Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006), but "[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (quoting Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998)).  The Court may refer to evidence outside the pleadings to resolve a Rule 12(b)(1) motion.  Makarova v. U.S., 201 F.3d 110, 113 (2d Cir. 2000).

The Declaratory Judgment Act ("DJA") provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The "case of actual controversy" phrase within the DJA refers to the types of "cases and controversies" justiciable under Article III.  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quotation omitted).  To determine whether an action presents an actual case or controversy, the Court inquires "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id. at 127 (quotation omitted).  To issue a declaratory judgment, the Court must find that the dispute is "real and substantial" such that the Court's decision can be distinguished from one which "advis[es] what the law would be upon a hypothetical state of facts."  Id. (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).  The "threat of future litigation remains relevant in determining whether an actual controversy exists."  Saleh v. Sulka Trading Ltd., 957 F.3d 348, 354 (2d Cir. 2020) (quoting Nike, Inc. v. Already, LLC, 663 F.3d 89, 95-96 (2d Cir. 2011)).

The Court finds that Sketchworks has met its burden of demonstrating that an actual controversy exists.  The undisputed evidence shows that <u>Vape</u> is a theater production that has been created and performed, and was scheduled for additional performances in New York.  (AC, at ¶¶ 56-57.)  It is also undisputed that the performances scheduled to take place in New York were cancelled after Plaintiff received Defendants' cease and desist letter.  (AC, at ¶¶ 58-60.)  Plaintiffs have proffered evidence demonstrating that requests to Defendants for a covenant not to sue and a release have gone unanswered.  (<u>See</u> Greenberger Decl., at ¶¶ 11, 32; <u>id.</u>, Exh. 2.)  In their motion papers, Defendants characterize <u>Vape</u> as involving "the unlicensed use of music, digitally copied note for note from 9 copyrighted songs from the play and movie of <u>Grease</u>, [and] the use of the identical names of the characters . . . and locations . . . and other plot, structure, issues, themes and imagery of <u>Grease</u>."  (Docket Entry n. 24, Exh. 3.)  Defendants state that they are "uncertain" whether they would bring a claim for copyright infringement based on future performances (IPTC Tr., at 6:10-12), but have not disclaimed or waived any right to make such a claim.  Plaintiff has a relationship with a theater in New York (Improve Asylum NYC) and a proffered intention to schedule performances in New York in the future.  (AC, at ¶ 64.)  Accordingly, Plaintiff is in a position of either abandoning its intention to "perform and otherwise exploit <u>Vape</u> in the future, including in Manhattan" (<u>id.</u>), or risking litigation.  That is the "dilemma that it was the very purpose of the Declaratory Judgment Act to ameliorate."  <u>MedImmune</u>, 549 U.S. at 129 (quotation omitted).

Plaintiff here "refrained from producing or otherwise exploiting [<u>Vape</u>] because of the copyright infringement claims the Defendants . . . made." (Troxell Decl., at ¶ 9.)  Regardless of whether it was unauthorized, Defendants' cease and desist letter caused the cancellation of Plaintiff's scheduled performances, the loss of the opportunity to garner

additional performances, and, importantly, Plaintiff's unwillingness to produce <u>Vape</u> without a favorable declaratory judgment.  (<u>See</u> Troxell Decl., at ¶ 9.)  As the Supreme Court stated in <u>MedImmune</u>, where "the plaintiff had eliminated the imminent threat of harm by simply not doing what he claimed the right to do . . . [t]hat did not preclude subject matter jurisdiction because the threat-eliminating behavior was effectively coerced."  549 U.S. at 129.  Here, Defendants threatened litigation if Plaintiff did not cease exploiting <u>Vape</u>, and Plaintiff "eliminated the imminent threat of litigation by simply not doing what" Plaintiff now claims they have the right to do: namely, exploit <u>Vape</u>.  <u>Id.</u> at 129-130 (noting that courts have "long accepted jurisdiction in such cases" where the coercion was applied by a private party rather than the government).  Furthermore, Defendants have not provided assurances that could eliminate Plaintiff's dilemma, despite requests from Plaintiff; Defendants have not entered into a covenant not to sue, nor have they proffered that they would refrain from litigating future performances of <u>Vape</u> if this matter were dismissed.  Plaintiff need not "bet the farm" and actually infringe upon Defendant's alleged copyright interest in <u>Grease</u> prior to filing suit.  <u>Id.</u> at 129.  Accordingly, Plaintiff has proffered that an actual controversy exists over whether <u>Vape</u> is fair use.

Defendants argue that Plaintiff's "desire" to schedule more performances of <u>Vape</u> is not enough to create an actual controversy after the withdrawal of the cease and desist letter removed any real threat of litigation.  (Docket Entry no. 24, at 19-21; Docket Entry no. 32, at 1-2.)  Defendants cite Second Circuit decisions holding that a "desire" to engage in a course of conduct is not enough to establish an actual controversy.  (<u>See, e.g.</u>, Docket Entry nos. 24, Exh. 3; 32.)  In the Second Circuit case of <u>Saleh</u>, the plaintiff asserted that he had plans to sell products in the United States, asserting that he "might use his existing shipper, or he might contract with a different shipper . . . or . . . he might contract with unnamed and unspecified

'additional on-line portals' to sell his wares." 957 F.3d at 355.  The court determined that the Plaintiff did not meet his burden to show a controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127.  The Plaintiff's "hypothetical possibilities, without tangible steps to effectuate [Plaintiff's] plans, [were] not enough to create a 'definite and concrete' dispute between the parties." Saleh, 957 F.3d at 355 (quoting MedImmune, 549 U.S. at 127).  Saleh differs materially from the case at hand because Plaintiff has proffered sufficient facts to show that its intentions to exploit Vape are not merely hypothetical.  As previously noted, Vape has been created and performed, and was scheduled to be performed in New York.  Importantly, Plaintiff took substantial, tangible steps to effectuate its plan of having Vape performed in Manhattan, steps which were thwarted by Defendants' cease and desist letter.  Plaintiff still has a relationship with at least one theatre, and therefore, taking into consideration the totality of the circumstances, Plaintiff's "desire" to schedule additional performances is sufficiently definite and concrete so as to present an actual controversy.  See Medimmune, 549 U.S. at 129.

Defendants also cite the Federal Circuit case of Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329 (Fed Cir. 2008), in response to Plaintiff's arguments regarding Defendants' refusal to enter into a covenant not to sue, and Plaintiff's apprehension of a future claim of infringement.  (See Docket Entry no. 32, at 9-10.)  The Prasco court found a case or controversy lacking where there had been no claim that a business' product infringed the patent that was the subject of the declaratory judgment action, and the business claimed a fear of future infringement claims as the basis for jurisdiction.  The defendant in that action had "not taken a concrete position adverse to [the plaintiff's]", nor had it "taken [any] affirmative actions at all related to [the] . . . product." Prasco, 537 F.3d at 1340.  Prasco's "subjective fear" of a claim was

insufficient to support jurisdiction. Id. at 1339. Defendants' characterize Sketchworks' fear of litigation as a "subjective fear of infringement action," and argue that it should, similarly, be dismissed. (Docket Entry no. 32, at 9). Sketchworks' "apprehension of litigation" is not, however, merely "subjective." (See IPTC Tr., at 6:10-12 (Defendants stated that "if the case is not dismissed . . . we'll assert counterclaims and defend vigorously," and stated that it was "uncertain" if the case was dismissed on the present motion whether Defendants would not bring a claim for copyright infringement.")); (see also AC, at ¶ 61 (quoting email from Defendants' transactional attorney describing Vape as "blatant infringements of my clients' trademark and copyrights").) As such, particularly in light of the (albeit supposedly unauthorized) cease and desist letter and the Defendant's withdrawal of the letter without disavowal of the claim of infringement, the Court is persuaded that there is a real prospect of litigation.

Defendants also rely on Prasco to counter Plaintiff's argument regarding Defendants' failure to enter into a covenant not to sue, stating that "although a defendant's failure to sign a covenant not to sue is one circumstance to consider in evaluating the totality of the circumstances, it is not sufficient to create an actual controversy – some affirmative actions by the defendant will also generally be necessary." (See Docket Entry no. 32, at 10 (citing Prasco, 539 F.3d at 1341-42).) Unlike the plaintiff in Prasco, Plaintiff has proffered "some affirmative actions," namely, the cease and desist letter and its threat of litigation, as well as the present and actual injury that the letter caused (e.g. loss of scheduled performances, loss of advertising, and not being able to schedule additional performances).

Finally, even where Plaintiff has demonstrated the existence of an actual controversy, the Court still retains "broad discretion," and may take into consideration the following two factors when determining whether to hear a case under the DJA: "(1) whether the

judgment will serve a useful purpose in clarifying and settling the legal relations involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." <u>Duane Reade Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 411 F.3d 384, 389 (2d Cir. 2005).

A judgment in this matter will "serve a useful purpose" by clarifying whether <u>Vape</u> infringes upon Defendants' copyright interests in <u>Grease</u>, and thus "finalize the controversy and offer relief from uncertainty." <u>Duane Reade Inc.</u>, 411 F.3d at 389. If Plaintiffs receive the relief requested, Plaintiff will be able to advertise the work and seek to schedule performances. Conversely, if the Court determines that <u>Vape</u> is not fair use, the Defendants will gain "relief from uncertainty" and will have certainty regarding their ability to impede Plaintiff's utilization of the <u>Vape</u> work.

For the reasons stated above, Plaintiff has carried its burden of demonstrating that there is an actual controversy in light of Plaintiff's reasonable apprehension of litigation (and threat by Defendants), Defendant's refusal to sign a covenant not to sue, and Plaintiff's injuries from the cease and desist letter (regardless of whether it was unauthorized and subsequently withdrawn). Because exercising jurisdiction will finalize the controversy and offer the parties relief from uncertainty, the Court exercises its discretion to entertain Plaintiff's declaratory judgment claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the amended complaint for lack of subject matter jurisdiction is denied. This action remains referred to Magistrate Judge Freeman for general pretrial management.

This Memorandum Order resolves Docket Entry no. 24.

SO ORDERED.

Dated: New York, New York
March 31, 2021

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge